**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 26 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

---

JOSE RUBIO GARCIA-JIMENEZ,

Petitioner,

v.

TODD BLANCHE, Acting Attorney General,

Respondent.

No. 21-70617

Agency Nos. A208-084-212

MEMORANDUM[*]

---

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 31, 2026[**]
San Francisco, California

Before: FRIEDLAND, MILLER, and COLLINS, Circuit Judges.

Petitioner Jose Rubio Garcia-Jimenez, a citizen of Mexico, petitions for

review of a decision of the Board of Immigration Appeals ("BIA") affirming an

order of the Immigration Judge ("IJ") denying his applications for withholding of

removal and protection under the Convention Against Torture ("Torture

Convention"). We have jurisdiction under § 242 of the Immigration and

Nationality Act, 8 U.S.C. § 1252. We review questions of law de novo and the

agency's factual findings for substantial evidence. *See Plancarte Sauceda v.*

---

[*] This disposition is not appropriate for publication and is not precedent except as
provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes that this case is suitable for decision without
oral argument. *See* FED. R. APP. P. 34(a)(2)(C).

*Garland*, 23 F.4th 824, 831 (9th Cir. 2022). Under the latter standard, "administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). Where (as here) the BIA adopts and affirms the IJ's decision, citing *Matter of Burbano*, 20 I. & N. Dec. 872 (BIA 1994), and expresses no disagreement with the IJ's decision, we review the IJ's decision as if it were the BIA's. *Cinapian v. Holder*, 567 F.3d 1067, 1072–73 (9th Cir. 2009). We deny the petition.

To be eligible for withholding of removal, an alien must show that he would likely suffer persecution because of his "race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1231(b)(3)(A). Before the IJ, Garcia-Jimenez asserted that he faced persecution based on his asserted membership in the particular social groups of "[h]usbands of women kidnapped by federal police in Mexico" and "fathers of women kidnapped by federal officers in Mexico." We conclude that Garcia-Jimenez's claim for withholding of removal based on these proposed particular social groups was properly rejected.

To be cognizable, a particular social group must be "(1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question." *Akosung v. Barr*, 970 F.3d 1095, 1103 (9th Cir. 2020) (citation omitted). The record does not compel a conclusion contrary to the agency's determination that Garcia-Jimenez's

2

proposed groups lack social distinction. *See Rodriguez-Zuniga v. Garland*, 69 F.4th 1012, 1016 (9th Cir. 2023) (reviewing the agency's conclusion regarding social distinction for "substantial evidence"). The agency reasonably concluded that Garcia-Jimenez failed to show that Mexican society "in general perceives, considers, or recognizes persons sharing the particular characteristic [of being related to kidnapping victims] to be a group." *Villegas Sanchez v. Garland*, 990 F.3d 1173, 1181 (9th Cir. 2021) (citation omitted). Although the country conditions evidence Garcia-Jimenez submitted to the IJ broadly discusses kidnappings in Mexico, the reports do not contain any information that would compel a conclusion that Garcia-Jimenez's proposed groups are socially distinct. *See id*. (noting that "the social distinction inquiry encompasses principles that will ordinarily demand some type of corroborative, objective evidence other than [the alien's] testimony" (simplified)). In his opening brief in this court, Garcia-Jimenez merely repeats, nearly verbatim, his brief before the BIA and fails to identify any evidence in the record that would compel a contrary conclusion as to social distinction.

To the extent that Garcia-Jimenez argues that he faces a well-founded fear of future persecution in Mexico due to his membership in a proposed social group based on his perceived wealth and other differences were he to return to Mexico after having lived in the United States for a long time, the agency correctly applied

3

our precedent in concluding that this contention failed to establish a clear probability of future persecution based on membership in a cognizable social group. *See, e.g., Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1151 (9th Cir. 2010) (holding that "returning Mexicans from the United States" is not a cognizable social group); *Barbosa v. Barr*, 926 F.3d 1053, 1059–60 (9th Cir. 2019) (concluding that individuals "returning to Mexico from the United States who are believed to be wealthy" are not a discrete class of persons recognized as a particular social group).

The agency also permissibly rejected Garcia-Jimenez's Torture Convention claim. Garcia-Jimenez testified that his wife, daughter, and son-in-law were kidnapped by federal police officers in Mexico and delivered to a criminal organization that demanded ransom. After Garcia-Jimenez paid most of the ransom, his family was released, and the captors threatened the kidnapped family members with their lives if any of them reported the incident to the authorities, and Garcia-Jimenez was warned to never return to the area. However, Garcia-Jimenez testified that his family had not been threatened or harmed since moving to another area of Mexico and that he has never been personally harmed by anyone in Mexico. The agency therefore reasonably concluded that Garcia-Jimenez could avoid future harm by relocating within Mexico. *See Tzompantzi-Salazar v. Garland*, 32 F.4th 696, 705 (9th Cir. 2022) (holding that the BIA properly upheld

4

denial of Torture Convention relief when the record showed that relocation to a different part of Mexico, where the petitioner's family resided and where the petitioner had no issues of past harm, was "eminently possible"). Substantial evidence therefore supports the agency's denial of relief under the Torture Convention.

**PETITION DENIED.**